IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**TATUNG COMPANY, ET AL**                                                              **PLAINTIFF**

V.                             NO.  5:07-MC-0005-RTD

**L.G. PHILLIPS LCD, CO., LTD.**                                                       **DEFENDANT**

### O R D E R

Before the court is the Motion to Compel (Doc. 20) filed March May 7, 2007 by the Defendant, L.G. Phillips LCD., LTD seeking to compel third party discovery from Wal-Mart Stores, Inc. and Sam's Club.  The matter was referred to the undersigned by Order (Doc. 24) entered May 9, 2007.

The Court did schedule a telephone conference on May 10, 2007.  The Plaintiff, TATUNG Company and TATUNG Company of America did appear by its attorney Marshall Ney.  The Defendant, L.G. PHILLIPS LCD, CO., LTD. did appear by its attorneys Shari Klevens and Stephen Scrhantz.  The Third Parties, Wal-Mart Stores, Inc. and Sam's Club by its attorneys P.K. Holmes III and Susan Schell.

This discovery dispute arises from a patent infringement action pending in the United States District Court in Delaware. (04-343) At the current time the case, concerns 23 accused product lines and approximately 120 products.  The parties agree that discovery should be controlled by the District Court in Delaware.  The parties further agree that on March 16, 2007 the Special Master in Delaware did indicate that the discovery, at this time, should be limited to the 23 accused product lines at issue in L.G. Phillips LCD Co., Ltd. v. TATUNG Company, C.A. No. 04-343-JJF.

Wal-Mart and Sam's Club are retailers of a great number of these products and the Defendant has sought extensive discovery from Sam's Club and Wal-Mart initially. The Defendant did subsequently limit the discovery request by a letter dated March 2, 2007 as follows:

1. A sales summary consisting of a printout from Sam's and Wal-Mart database that includes products sold in the United States;

2. Documents relating to marketing of Tatung or ViewSonic products to Sam's Club or Wal-Mart; and

3. Documents related to the technical specification, manufacturing, or assembly of Tatung and ViewSonic products, including any drawings and/or narrative descriptions.
(Doc. 21, Exhibit 2, p. 2)

The discovery was originally filed on February 16, 2007 and Wal-Mart and Sam's Club promptly filed objections to the discovery. (Doc. 26, Exhibit 3)  Negotiations continued between the parties with the Defendant explaining that discovery had to be completed by May 11, 2007, which was the date that the Delaware court had set for completion of third party discovery.  Wal-Mart and Sam's Club continued to object to the discovery request and explained that the Defendant had only provided Wal-Mart with generic or product information on each of the 120+ items that Defendant was requesting and that Wal-Mart needed their Item number or the UPC number to be able to run the report that was requested.  (Doc. 21, Exhibit 8)

The Defendant contends that Tatung wound not provide the necessary information and that the generic or product information was all that Defendant could provide to Wal-Mart.

With only the product or generic information Wal-Mart had to go back to its buyers and request that they obtain the Wal-Mart item code that corresponded with the generic product.

Wal-Mart undertook that task while at the same time objecting to the discovery contending that the subpoenas were overbroad and unduly burdensome. (Doc. 21, Exhibit 6)  The end result was that Wal-Wart could not complete the requested discovery by May 11, 2007.

When it became evident that Wal-Mart could not comply with the subpoena the Defendant filed this Motion to Compel on May 7, 2007.

Federal Rule of Civil Procedure (Fed.R.Civ.P.) 26 provides "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit. Id. See also Fed.R.Civ.P. 45© (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense " on a person subject to a subpoena).  Roberts v. Shawnee Mission Ford, Inc.  352 F.3d 358, *361 (C.A.8 (Mo.),2003)

In this case there has been no showing that the burden or expense of the proposed discovery outweigh its likely benefit. There was no question that it was very difficult to obtain the information in light of the fact that Wal-Mart did not have the necessary item numbers.  In fact the information concerning Sam's Club has been obtained and can be tendered to the Defendant's by the deadline date.

The court believes that Wal-Mart has worked diligently to obtain the information but because of the size of the request and the complexities in securing the information was not able to do so by the deadline date.  The court has been informed that the requested information concerning Wal-Mart will be available within one week.

The Motion to Compel the request for Discovery as amended by the letter dated March 2, 2007 (Doc. 21, Exhibit 2, p. 2) is hereby **Granted** as follows:

1. Sam's Club is hereby directed to comply with the discovery request by May 11, 2007 and provide:

    a. A sales summary consisting of a printout from Sam's sales database that included accused products sold in the United States. The summary should reflect the brand name, model number quantity, and sales price of the product sold by Sam's and a sales summary showing all of this information for the accused products purchase by Sam's that are manufactured by Tatung Company, Tatung Company of America, or ViewSonic. If only the generic description is listed on the report Sam's Club agrees to furnish a reference document that will allow the Defendant to specifically identify the Tatung product that corresponds to the generic description.

    b. Any documents related to the marketing of Tatung or ViewSonic products to Sam's Club including but not limited to brochures, power point presentation, documents identifying target customers, market forecast, emails, and meeting notes.

    c. Documents related to the technical specification, manufacturing, or assemble of Tatung and ViewSonic products, including any drawings and/or narrative description of same.

2. Wal-Mart is hereby directed to comply with the discovery request by May 21, 2007 and to provide:

    a. A sales summary consisting of a printout from Wal-Mart sales database that included accused products sold in the United States. The summary should reflect the brand name, model number quantity, and sales price of the product sold by Wal-Mart and a sales

summary showing all of this information for the accused products purchase by Wal-Mart that are manufactured by Tatung Company, Tatung Company of America, or ViewSonic. If only the generic description is listed on the report Wal-Mart agrees to furnish a reference document that will allow the Defendant to specifically identify the Tatung product that corresponds to the generic description.

      b. Any documents related to the marketing of Tatung or ViewSonic products to Wal-Mart including but not limited to brochures, power point presentation, documents identifying target customers, market forecast, emails, and meeting notes.

      c. Documents related to the technical specification, manufacturing, or assemble of Tatung and ViewSonic products, including any drawings and/or narrative description of same.

**IT IS SO ORDERED THIS 11th day of May, 2007**

*/s/ J. Marschewski*
**James R. Marschewski**
**United States Magistrate Judge**